PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1997 Dodge Grand Caravan struck a hole as Bobby Gutierrez II was driving on Philippi Pike Road in East View, Harrison County. Philippi Pike Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred at approximately 6:30 a.m. on February 6, 2007. The speed limit on Philippi Pike Road is thirty-five miles per hour. At the time of the incident, Mr. Gutierrez was driving to work in Bridgeport and was proceeding through East View into Anmoore at approximately thirty-five miles per hour. Claimant was driving near the two-lane bridge by B & J Truck Service when his vehicle struck a hole on the right side of the road. The hole was situated approximately one foot inside the road’s white edge line and was approximately one foot in diameter and six to seven inches deep. Mr. Gutierrez testified that he travels this road on a daily basis and stated that the hole had existed at this location for approximately one month. He testified that he was unable to avoid the hole on this occasion due to oncoming traffic. As a result of this incident, claimants ’ vehicle sustained damage to its right rear wheel in the amount of $574.52. Mr. Gutierrez also incurred work loss in the amount of $60.00. Thus, claimants’ damages total $634.52.
*236 The position of the respondent is that it did not have actual or constructive notice of the condition on Philippi Pike Road. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that it presented a hazard to the traveling public. The size of the hole and its location on the travel portion of the road as well as the fairly high volume of traffic at that location, lead the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since he was aware of the condition on the road. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-five percent (25%) of the loss sustained. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimants may recover seventy-five percent (75%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $475.89.
Award of $475.89.